UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY GRISWOLD, as Personal Representative of the Estate of JOHN E. GRISWOLD,

    Plaintiff,

v.

TRINITY HEALTH-MICHIGAN, et al.,

    Defendants.

Case No. 22-cv-10980

Honorable Robert J. White

**ORDER DENYING THE LIVINGSTON COUNTY DEFENDANTS' MOTION FOR RECONSIDERATION**

Before the Court is the Livingston County Defendants' motion for reconsideration of the portion of the March 10, 2025 opinion and order denying their motion for summary judgment on the Estate's municipal liability claim. *See* E.D. Mich. LR 7.1(h)(2). (ECF Nos. 113, 109, PageID.4835-42). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(h)(3).

At the outset, the Livingston County Defendants fail to demonstrate that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the

time of its prior decision." E.D. Mich. LR 7.1(h)(2)(A).  So reconsideration is not warranted.

The Livingston County Defendants insist, however, that the Court improperly considered a theory of municipal liability that the Estate never pled. (ECF No. 113, PageID.4857).  According to them, the amended complaint solely alleges that Livingston County failed to promulgate policies that "promoted and protected an inmate's health," not that the County failed to train its jail services deputies to follow those policies. (*Id.*; ECF No. 5, PageID.36, ¶ 55; ECF No. 109, PageID.4835).

Granted, the amended complaint exclusively alleges that Livingston County did not establish appropriate jail policies. (ECF No. 5, PageID.35, ¶ 55).  But the Estate openly developed their failure-to-train theory over the course of the litigation.  The Estate's counsel asked questions at depositions to elicit information to support the theory. (*See, e.g.*, ECF No. 77-11, PageID.3528-29, Tr. 49:3-8, Tr. 54:3-10; ECF No. 77-10, PageID.3455, Tr. 37:14-15).  They delineated the theory in the Estate's response to the Livingston County Defendants' summary judgment motion. (ECF No. 77, PageID.3283) ("the Defendant Deputies denial of the existence of policies to which Sheriff Murphy directly identifies and testified was policy at the jail highlights a significant failure to train.").  And they advanced the theory during the January 10, 2025 summary judgment hearing. (ECF No. 104, PageID.4662-65, Tr. 131:21-132:1, Tr. 133:24-134:3).

The Livingston County Defendants, on the other hand, never countered the Estate's failure-to-train theory, with either evidence or even argument, until the January 10 hearing. They did not object on relevance grounds to the Estate's counsel's deposition questions concerning the failure-to-train theory. (*See, e.g.,* ECF No. 77-11, PageID.3528-29, Tr. 49:3-8, Tr. 54:3-10; ECF No. 77-10, PageID.3455, Tr. 37:14-15). They did not raise their current objection anywhere in their reply brief at the summary judgment stage. (ECF No. 80). And they did not raise the objection at any time in the nine months between the filing of their reply brief and the January 10 hearing. The Court only first became aware of their position during counsel's oral argument at the hearing. (ECF No. 104, PageID.4667-68, Tr. 136:11-18, Tr. 137:22-23).

Since the Livingston County Defendants (1) had notice of the Estate's failure-to-train theory from the discovery phase of this litigation on through the summary judgment stage, and (2) repeatedly failed to contest that theory on the grounds they now assert for reconsideration, their objection is now waived. *See Lamson & Sessions Co. v. Peters*, 576 F. App'x 538, 543 (6th Cir. 2014) ("we routinely deem arguments waived when raised only verbally and not in the written briefs."); *see also United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 450 n.6 (6th Cir. 2008) (deeming an issue raised "for the first time asserted at oral argument" as waived).

3

At any rate, granting the Livingston County Defendants' reconsideration motion would prejudice the Estate unduly. Had the Livingston County Defendants raised their objection earlier – for instance, in their summary judgment reply brief – the Estate would have had sufficient time before the January 10 hearing to either (1) move for leave to amend the pleadings to conform to the evidence, or (2) argue that the parties constructively amended the complaint. *See* Fed. R. Civ. P. 15(b)(2) ("A party may move – at any time, even after judgment – to amend the pleadings to conform to the evidence and to raise an unpleaded issue."); *see also Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997) ("It is well-settled that the parties may constructively amend the complaint by agreeing, even implicitly, to litigate fully an issue not raised in the original pleadings."). The untimeliness of the objection foreclosed both these options.

One final note on the Court's jurisdiction to entertain this motion. The Livingston County Defendants moved for reconsideration *after* filing a notice of appeal from the Court's March 10, 2025 opinion and order. (ECF Nos. 110, 113). Typically, "the filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) (cleaned up); *see also Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 612 (6th Cir. 2024).

Nonetheless, "the timely filing of a motion listed in [Federal Rule of Appellate Procedure] 4(a)(4)(A) – including a motion to alter or amend judgment under Rule 59 – has been held to suspend or render dormant a notice of appeal *regardless of whether the motion was filed before or after the notice of appeal*." *Patterson v. Anderson*, 586 F. App'x 657, 663 (6th Cir. 2014) (quotation omitted) (emphasis added); *see also O'Sullivan Corp. v. Duro-Last, Inc.*, 7 F. App'x 509, 519 (6th Cir. 2001) (holding that "[w]hen a party has filed a timely motion to alter or amend a judgment after a notice of appeal has been filed, the district court still retains jurisdiction to consider the motion."); Fed. R. App. P. 4(a)(4) Advisory Committee Notes (1993 Amendment) ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

And because the Sixth Circuit Court of Appeals considers a "properly filed" Local Rule 7.1(h)(2) reconsideration motion (as this one is) "like any other time tolling motion for reconsideration" under Rule 59, the Court possesses the requisite jurisdiction to address it. *Blackwell v. Nocerini*, 123 F.4th 479, 486 (6th Cir. 2024) (quotation omitted). Accordingly,

5

IT IS ORDERED that the Livingston County Defendants' motion for reconsideration (ECF No. 113) is denied.

Dated: March 31, 2025           s/ Robert J. White
       Detroit, Michigan          Robert J. White
                                     United States District Judge